IN THE UNITED STATES DISTRICT

FOR THE

DISTRICT OF /

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: February 12, 2024

JAMAL BRISSETT

v.

UNITED STATES OF AMERICA

Case No.: S1 19 CR 153 (KMW)

**MEMO ENDORSED**

Motion For Sentence Reduction Based On Changes In The Sentencing Guidelines Under Criminal History Enhancement And Request For Counsel To Represent Me.

NOW COMES JAMAL BRISSETT, am unable to afford counsel for the purpose of making a motion to review my sentence under the recent ruling that the United States Sentencing Commission changes. Due to the facts that the courts enhanced my points, and sentenc-ing from my Criminal History which put me in a higher category for longer imprisonment. Now with these new changes in law, I feel if I was sentenced now I would have had a lesser sentence due to the facts of the law changing, under the sentencing guidelines.

I hereby request that counsel be appointed to represent me to determine whether, I may be eligible for release from incarceration under this new law that the United States Sentencing Commission changed in the sentencing guidelines under § 4A1.1.

If you could please review my "Pre-Sentence Investigation Report" and you wil see that the government relied upon my prior offenses to impose my sentence. I received Criminal History En-

hancements. And were sentenced based on acquitted conduct or received sentence that are no longer authorized under current law. I am asking the court to please... appoint me an attorney to represent me in this matter of request.

Respectfully submitted,

Name: JAMAL BRISSETT
Reg. No.: 76269-054
Canaan USP
P.O. Box - 300
Waymart, PA 18472

**The Probation Department has issued a report stating that Defendant is ineligible for a sentence reduction pursuant to Amendment 821.  (*See* Suppl. Presentence Investigation Report at 2-3, ECF No. 60.)  Defendant is ineligible for a sentence reduction pursuant to Amendment 821 because (1) he did not receive an enhancement for committing the instant offense while under a criminal sentence, and (2) he is not a zero-point offender.  (*Id.* at 2.)  Because Defendant is not eligible for a sentence reduction, Defendant's motion for appointment of counsel is DENIED.  *See United States v. Cirineo*, 372 F. App'x 178, 179–80 (2d Cir. 2010) (summary order) (explaining that a court does not abuse its discretion in denying a defendant's motion for appointment of counsel "where it [is] readily ascertainable from the record that [the defendant is] ineligible for a reduction in sentence" pursuant to Section 3582(c)(2)).**

**SO ORDERED.**

**DATED: New York, New York
February 12, 2024**

*/s/ Kimba M. Wood*
**KIMBA M. WOOD
UNITED STATES DISTRICT JUDGE**

Jamal Bassett 76265-054
USP CANAAN
PO BOX 300
WAYMART, PA 18472

RECEIVED
FEB -- 2024
CLERK'S OFFICE
S.D.N.Y.

THIS CORRESPONDENCE IS FROM AN INMATE CURRENTLY IN THE CUSTODY OF THE FEDERAL BUREAU OF PRISONS

LEHIGH VALLEY PA 180
2024 FEB 2

CLERK OF THE COURT
DANIEL PATRICK MOYNIHAN
UNITED STATES COURTHOUSE
500 PEARL STREET, ROOM 120
NEW YORK, NY 10007-1312

Crim
B.C

10007-131699

